JODI LINKER
Federal Public Defender
Northern District of California
SOPHIA WHITING
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  Sophia_Whiting@fd.org

Counsel for Defendant Colon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** 19-593-1 CRB |
| Plaintiff, | **DEFENDANT'S SUPERVISED RELEASE VIOLATION SENTENCING MEMORANDUM** |
| v. | |
| JOSE COLON, | |
| Defendant. | |

Jose Colon respectfully submits this sentencing memorandum regarding his supervised release violation. In light of the significant treatment and counseling completed by Mr. Colon in the 15 months since the violation took place, Mr. Colon respectfully recommends nine more months of supervision, which in practice provides two years of intense supervision following the violation.

**BACKGROUND**

The incident underlying this violation occurred on September 26, 2021. In the 15 months since, the matter has received due attention by three courts. Mr. Colon attended numerous state court and family court proceedings to address the incident, in addition to the federal violation proceedings. The children's best interests have been addressed through San Francisco Child Protective Services and

Unified Family Court. Mr. Colon and Jessica took the incident seriously as well. They ended their relationship and he moved out immediately. As part of the family court proceedings, which concluded in September 2022, Mr. Colon and Jessica both attended counseling. Mr. Colon personally completed seven months of counseling to learn positive parenting skills, positive communication skills to address domestic violence dynamics, and cognitive behavioral therapy skills. He was discharged as stable and having made progress on all goals on November 3, 2022. Mr. Colon also attended Alcoholics Anonymous in the months following the incident and maintains his sobriety to this day.

Mr. Colon and Jessica remain on cordial terms for the sake of their 7-year-old daughter. The Protective Order was terminated on May 27, 2022, and they are permitted by family court to communicate by phone regarding any issues that pertain to their daughter. Mr. Colon financially supports Jessica and their daughter through monthly payments, which he earns through his work as a residential and commercial painter. He also supports his current partner and their infant daughter.

This is Mr. Colon's sole violation in more than 2.5 years of supervised release. Mr. Colon has maintained stable employment, abstained from drug use, reported regularly to Probation, and otherwise complied with all conditions of his supervision. His supervision is due to end in five months, on May 11, 2023. The sentence at this time should not be made lightly, but it should be made in light of the time that has passed and circumstances that have changed—most significantly, the substantial counseling, treatment, and mediation accomplished in family court. At this time, a sentence of nine months with a no alcohol condition means that for two years following the incident Mr. Colon was and will be under close supervision by state, federal, and child protective authorities while completing significant counseling, achieving sobriety, and maintaining employment.

**I.    Mr. Colon was successfully discharged after seven months of counseling in response to the incident, additional counseling is therefore not necessary**

Mr. Colon completed seven months of weekly mental health treatment specifically designed to address parenting and relationship dynamics, which successfully ended on November 3, 2022 as part of the close of the family court case. He was deemed stable and to have made progress on all goals. He was provided a referral number should he desire future mental health services. Mr. Colon is glad

he was able to receive these services and he benefited tremendously from them. Should he need or want mental health treatment in the future, he has a known contact. Mr. Colon also works and supports two families, though, so counseling is practically a burden in terms of time and finances, if he is required to pay. While Mr. Colon is not opposed to counseling, additional counseling does not appear necessary at this time and would burden his ability to work and spend time with his family.

**II.    Mr. Colon is sober and recommends a conditions of no alcohol use**

In addition to counseling, Mr. Colon attended Alcoholics Anonymous for many months[1] following the incident and maintains his sobriety to this day. While not suggested by Probation, Mr. Colon plans to remain sober and agrees to abstain from all substances, including alcohol.

**III.   Nine more months of supervision—totaling two years of supervision following the incident—will adequately address Mr. Colon's compliance and rehabilitation**

Mr. Colon respectfully recommends nine months of additional supervision *in light of the timing and circumstances of this sentencing.* This sentencing is occurring 15 months after the incident and three months after the close of the family court case, which included significant counseling and monitoring of Mr. Colon as a father and partner. In context, a sentence of nine months means that at the end of Mr. Colon's supervision—assuming he complies perfectly—he will have been closely supervised by three courts for two years following the incident without issue. If he does not comply over the next nine months, then this Court will have another opportunity to sentence him.

### CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Colon to nine months of supervised release with a condition to abstain from alcohol.

//

//

//

//

//

---

[1] Mr. Colon provided signed documentation for five months to undersigned counsel and provided documentation to U.S. Probation as well. The total time in AA was approximately nine months.

DEFENDANT'S SENTENCING MEMORANDUM
*COLON*, CR 19–593 CRB

Dated: December 12, 2022

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
SOPHIA WHITING
Assistant Federal Public Defender